H. H. HALL CONSTRUCTION COMPANY *v.* McLEOD.

Opinion delivered April 1, 1929.

*Little & Buck,* for appellant.

*Harrison, Smith & Taylor,* for appellee.

SMITH, J. Appellee alleged in his complaint, and offered testimony to the effect, that he was employed under a written contract by the appellant construction

company to build the shoulders on both sides of a road, and that, after making this contract and entering upon its discharge, he made another—a verbal—contract to do certain work under a force account; that he was paid for his work done under the written contract, but not for that done under the verbal contract, wherefore he brought this suit.

The testimony on the part of the appellant was to the effect that it had only one contract with appellee, and that all work performed by him was done under it; that appellee failed and refused to complete the work he had contracted to do, and it became necessary for appellant to complete it; but, before doing so, appellant took from appellee a receipt and release for all demands arising out of the employment. This release recited that appellee had contracted under date of September 4, 1924, to construct the shoulders to the road, but had not completed the contract in accordance with the plans and specifications, and that, for the consideration of $600.61, ''I do hereby acknowledge full payment for all work done or performed by me or under my control by the terms of the contract aforesaid * * *'' etc.

The instructions, to which no objections are made, told the jury that appellee could not recover if the work was covered by the written contract or by the release. Appellee testified that the work sued for was extra work and that settlement therefor was reserved when the receipt and release was executed, and that that instrument covered only the work done under the written contract. This testimony is sharply disputed, and, however improbable it may appear to us, we must affirm the judgment, as appellee's testimony is legally sufficient to support the verdict, and the record presents no question except that of the sufficiency of the testimony.

The judgment must therefore be affirmed, and it is so ordered.